IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Merle Miller,                        Case No. 3:05CV7454

         Plaintiff

v.                                      ORDER

Perry Corporation,

         Defendant

This is an employment discrimination case in which the defendant has filed a motion for leave to file an amended answer. The defendant desires to assert a statute of limitations defense to one of plaintiff's claims. Plaintiff opposes the motion.

The motion for leave to amend shall be granted.

In *Phelps v. McClellan,* 30 F.3d 658, 662-63 (6th Cir. 1994), as in this case, the plaintiff opposed a delayed motion for leave to amend to state a statute of limitations defense not raised in the defendant's original answer. Granting the motion to amend, the court stated:

> Leave to amend may be denied when it would result in undue delay, prejudice to the opposing party, or repeated failure to cure deficiencies in the complaint. *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962); *Duchon v. Cajon Co.*, 791 F.2d 43, 48 (6th Cir.1986). " '[T]he longer the period of an unexplained delay, the less will be required of the nonmoving party in terms of a showing of prejudice.' " *Evans v. Syracuse City Sch. Dist.*, 704 F.2d 44, 47 (2d Cir.1983) (citation omitted). In determining what constitutes prejudice, the court considers whether theof the new claim or defense would: require the opponent to expend significant additional resources to conduct discovery and prepare for trial; significantly delay the resolution of the dispute; or prevent the plaintiff from bringing a timely action in another jurisdiction. *See, e.g., Tokio Marine & Fire Ins. Co. v. Employers Ins. of Wausau*, 786 F.2d 101, 103 (2d Cir.1986). McClellan sought leave to amend his answer and add the defense of statute of limitations on December 18, 1992, two months after he filed his answer. Because (1) the delay here was so short, (2) Phelps has failed to demonstrate prejudice, (3) this was the first and only

> amendment the defendant sought, and (4) perhaps, most importantly, the amendment embodies a legally valid defense, we conclude that the court did not abuse its discretion in granting leave to amend.
>
> . . . . Phelps argues that McClellan waived the statute of limitations defense by not including it in his first responsive pleading. Generally, a failure to plead an affirmative defense, like statute of limitations, results in the waiver of that defense and its exclusion from the case. *See Haskell v. Washington Township*, 864 F.2d 1266, 1273 (6th Cir.1988); 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1278 (1990); see also Fed.R.Civ.P. 8(c). However, as a practical matter there are numerous exceptions to this broad rule, the most significant for our case being the rule allowing amendments to the answer under Fed.R.Civ.P. 15(a). 5 Wright & Miller, supra, § 1278 at 501-03. Simply put, Rule 15(a) allows a party to amend his pleading to assert an omitted affirmative defense, id. at 495, which is precisely what the defendant did in this case.

*Id.* at 662-63.

The principal difference between this case and *Phelps* is that the motion for leave to amend comes not two, but more than nine months after the initial answer was filed. Otherwise, the circumstances are the same.

It does not appear, however, that the plaintiff will suffer any prejudice as a result of delayed introduction of the limitations issue into this case. The facts as to that question should be undisputed, or, if disputed, relatively easily and quickly uncovered in discovery. Once clear, the facts will, in all likelihood, be subject to a straight forward application of settled legal principles.

I conclude, accordingly, that granting leave to amend is appropriate. It is, therefore,

ORDERED THAT defendant' motion for leave to amend be, and the same hereby is granted.

So ordered.

s/James G. Carr
James G. Carr
Chief Judge
